IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |  | |
|---|---|---|---|
| OLUWATOYIN ABORISADE, | ) | | |
| Reg. No. 60560-509, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | CASE NO. 2:25-CV-841-WKW | |
| | ) | [WO] | |
| MILTON WASHINGTON, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## MEMORANDUM OPINION AND ORDER

Before the court is a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus filed by Oluwatoyin Aborisade, a federal inmate incarcerated at the Montgomery, Alabama, Federal Prison Camp ("Montgomery FPC"). For the reasons to follow, the petition will be construed as a civil rights action under 28 U.S.C. § 1331, seeking to secure equitable relief for alleged violations of federal constitutional rights, as well as monetary damages pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Consequently, this civil rights action will be governed by the provisions of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e. However, Petitioner will be given the opportunity to either proceed with this construed civil rights action or voluntarily dismiss his § 2241 petition based upon the absence of subject matter jurisdiction.

## I.  PRELIMINARY REVIEW:  SCREENING

The *Rules Governing Section 2254 Cases in the United States District Court* also apply to petitions filed under 28 U.S.C. § 2241.  According to Rule 1(b), these rules extend to habeas corpus petitions beyond those filed under § 2254.  *See* Rule 1(b), *Rules Governing § 2254 Cases*.  Rule 4 requires district courts to dismiss § 2241 petitions without ordering a response from the respondent "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Rule 4, *Rules Governing § 2254 Cases*.  "This preliminary review calls on a district court to perform a screening function, ordering summary dismissal where a petition makes no meritorious claim to relief."  *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 653 (11th Cir. 2020).  This screening aims to prevent unnecessary burdens on the respondent by avoiding the need for an unwarranted answer.  *See id.*

## II.  BACKGROUND

Petitioner's § 2241 petition names Milton Washington, the warden of Montgomery FPC.  As alleged in the petition, on October 8, 2025, Respondent attempted to coerce Petitioner into withdrawing his BP-9 administrative grievance through aggressive and threatening behavior.  (Doc. # 1 at 1–2.)  When Petitioner refused, he was placed in a disciplinary cell for six-and-a-half hours "without access to food, water, medication, or his mobility aids (walker/crutches)," and his personal

belongings were confiscated. (Doc. # 1 at 2.) On October 9 and 10, 2025, Respondent forced Petitioner "to sit on the punishment bench for hours" and then "ordered him to perform labor (painting the red bench) despite a documented medical disability and restrictions prohibiting such work." (Doc. # 1 at 2.) Additionally, Petitioner's requests seeking a medical evaluation were denied, "allegedly under the direction of the Warden." (Doc. # 1 at 2.)

On October 8, 9, and 10, 2025, Respondent and his subordinates verbally threatened, intimidated, and coerced Petitioner. He contends these actions were "in retaliation for exercising legal rights." (Doc. # 1 at 2.)

Petitioner "alleges violations of federal law and constitutional rights arising from his conditions of confinement and retaliatory punishment without due process." (Doc. # 1 at 1.) More specifically, Petitioner asserts the "following constitutional violations":

(1)  First Amendment: "Retaliation for exercising grievance rights";

(2)  Fifth and Fourteenth Amendments: "Denial of due process; punished without incident report or hearing";

(3)  Eighth Amendment: "Cruel and unusual punishment, including unlawful detention without mobility aids, denial of medication, threats, and coercion";

3

(4) Unlawful Restraint and Detention: "Held in a locked cell for over 6 hours without incident report or adjudication"; and

(5) "Denial of medical treatment in violation of federal disability rights and institutional medical policies." (Doc. # 1 at 2–3.)

As relief for these alleged constitutional violations, Petitioner requests a writ of habeas corpus "directing the immediate cessation of retaliatory actions against Petitioner," a hearing "to determine the legality of Petitioner's treatment and conditions of confinement," injunctive relief to prevent further harassment and retaliation, an order for the return of or compensation for the confiscated items, and an investigation into the actions of Respondent and his staff. (Doc. # 1 at 3.)

### III.  DISCUSSION

**A.    Whether Subject Matter Jurisdiction Exists Under 28 U.S.C. § 2241**

Section 2241(a) grants district courts jurisdiction to provide habeas relief when the inmate is confined within its district at the time the petition is filed. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434 n.7 (2004); *Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991). Since Petitioner is confined in this district, statutory jurisdiction exists. The issue is whether § 2241 provides subject matter jurisdiction for Petitioner's claims. *See generally Rumsfeld,* 542 U.S. at 434 n.7 (noting a distinction between § 2241(a)'s statutory grant of jurisdiction and district courts' subject matter jurisdiction). Because Petitioner is proceeding *pro se*, his

allegations are liberally construed to discern whether subject matter jurisdiction "can be founded on a legally justifiable base." *Fernandez*, 941 F.2d at 1491.

Section 2241 offers a remedy for federal prisoners who are "in custody in violation of the Constitution or laws or treaties of the United States." § 2241(c)(3). At the "heart of habeas corpus" petitions, the petitioner is challenging "the fact or duration of his physical confinement," or "seeking immediate release or a speedier release from that confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973). Generally, notwithstanding some ongoing debate,[1] § 2241 is not the appropriate statutory vehicle for challenging conditions of confinement: "Claims challenging the fact or duration of confinement fall within the core of habeas corpus, while claims challenging the conditions of confinement fall outside that core." *Mackey v. United States*, 2022 WL 17830252, at *2 (11th Cir. Dec. 21, 2022) (per curiam) (citing *Nelson v. Campell*, 541 U.S. 637, 643 (2004)).

Although Petitioner filed a petition for writ of habeas corpus, he is not challenging the fact or length of his federal confinement. Instead, his claims focus on alleged violations of his federal constitutional rights by a federal official, primarily seeking injunctive and declaratory relief. Petitioner specifically describes his claims as challenges to the "conditions of confinement." (Doc. # 1 at 1, 3.)

---

[1] *See, e.g.*, *Pinson v. Carvajal*, 69 F.4th 1059, 1075 (9th Cir. 2023) ("[W]e recognize that the Supreme Court has left open the key question of whether there are circumstances when a challenge to the conditions of confinement is properly brought in a petition for writ of habeas corpus."), *cert. denied sub nom.*, *Sands v. Bradley*, 144 S. Ct. 1382 (2024).

Section 2241 does not provide subject matter jurisdiction for his conditions-of-confinement claims; however, there is well-established precedent that allows federal courts "in some circumstances to grant injunctive relief against federal officials violating federal law" under 28 U.S.C. § 1331. *Sierra Club v. Trump*, 929 F.3d 670, 694 (9th Cir. 2019) (cleaned up); *see also Bivens*, 403 U.S. at 404, 405 (Harlan, J., concurring) (acknowledging the "presumed availability of federal equitable relief against threatened invasions of constitutional interests," given the "inherent equitable powers" of a federal district court, *id.* at 404 (cleaned up), and recognizing § 1331's "general grant of jurisdiction . . . to empower a federal court to grant equitable relief for all areas of subject-matter jurisdiction enumerated therein," *id.* at 405). Also, in very limited circumstances, a plaintiff can bring a *Bivens* action to obtain monetary damages for unconstitutional conditions of confinement.[2]

Unless the claims in the § 2241 petition can be recharacterized, the petition must be dismissed without prejudice for lack of subject matter jurisdiction.

---

[2] Petitioner seeks the return of his personal property or alternatively "compensation for the confiscated items." (Doc. # 1 at 3.) "Claims for money damages against federal officials and employees who have committed constitutional violations are known as *Bivens* claims, after the Supreme Court's decision in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 . . . (1971)." *Johnson v. Terry*, 119 F.4th 840, 846–47 (11th Cir. 2024), *cert. denied*, No. 24-1170, 2025 WL 2823754 (Oct. 6, 2025). To the extent Petitioner seeks monetary damages for an alleged constitutional violation under *Bivens*, the path to relief is very narrow. *See Goldey v. Fields*, 606 U.S. 942, 945 (2025) (per curiam) ("For the past 45 years, this Court has consistently declined to extend *Bivens* to new contexts." (citing *Egbert v. Boule*, 596 U.S. 482, 490–91 (2022))); *see also Ziglar v. Abbasi*, 582 U.S. 120, 132 (2017) (warning that "expanding the *Bivens* remedy is now a 'disfavored' judicial activity" because it impinges on "separation-of-powers principles").

## B.  Whether Recharacterization of the § 2241 Petition as a Civil Rights Action Under 28 U.S.C. § 1331 is Appropriate

"Federal courts have long recognized that they have an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *Gooden v. United States*, 627 F.3d 846, 847 (11th Cir. 2010) (quoting *United States v. Jordan*, 915 F.2d 622, 624 (11th Cir. 1990)).  In light of that obligation and the liberal construction afforded to *pro se* pleadings, *see Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008), the court finds that the 28 U.S.C. § 2241 petition properly is construed as a civil rights action under 28 U.S.C. § 1331 for equitable relief for alleged violations of federal constitutional rights, as well as monetary damages pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  *See Ellis v. Bureau of Prisons*, 239 F. App'x 466, 466–69 (11th Cir. 2007) (per curiam) (affirming the judgment and noting the district court's initial decision to convert the prisoner's habeas petition into a *Bivens* action). In so doing, the court expresses no view on the merits of Petitioner's construed civil rights action; any merits review will occur at screening if Petitioner elects to proceed. *See, e.g.*, 28 U.S.C. § 1915A; 28 U.S.C. § 1915.

The recharacterization of Petitioner's petition as a civil rights action under § 1331 subjects the action to the restrictions and consequences imposed by the PLRA, 42 U.S.C. § 1997e.  Under the PLRA, a prisoner-plaintiff is required to pay

7

a $350.00 filing fee in full, either up front or through installment payments deducted from his institutional account, regardless of whether the prisoner is granted leave to proceed *in forma pauperis* (IFP).[3]  *See* 28 U.S.C. §§ 1914(a), 1915(b).  Therefore, because this petition is construed as a civil rights action, Petitioner must pay the full amount of the $350.00 filing fee in accordance with § 1915(b).  Further, if IFP status is not granted, he also must pay an additional $55.00 administrative fee.  In contrast, the filing fee requirements of the PLRA "do not apply to habeas corpus proceedings."[4]  *Anderson v. Singletary*, 111 F.3d 801, 802 (11th Cir. 1997).  The PLRA also imposes further procedural requirements, such as the exhaustion of administrative remedies before filing an action, *see* 42 U.S.C. § 1997e(a), and a "three-strikes" rule, which prevents prisoners from proceeding IFP if they have had three or more prior actions or appeals dismissed as frivolous, malicious, or for failure to state a claim, unless they are in imminent danger of serious physical injury, *see* 28 U.S.C. § 1915(g).[5]  Given the PLRA's restrictions, Petitioner will have an

---

[3] Prisoners who are not proceeding IFP must pay an additional $55.00 administrative fee.  Fees for the Middle District of Alabama are available online.  *See Fees*, ALMD | U.S. Dist. Ct., Middle Dist. of Ala., https://www.almd.uscourts.gov/clerks-services/fees (last visited Nov. 19, 2025).

[4] Under 28 U.S.C. § 1914(a), the filing fee for a petition for writ of habeas corpus is $5.00.

[5] The requirement to exhaust administrative remedies also applies to § 2241 petitions.  In the Eleventh Circuit, "prisoners seeking habeas relief, including relief pursuant to § 2241, are subject to administrative exhaustion requirements."  *Skinner v. Wiley*, 355 F.3d 1293, 1295 (11th Cir. 2004) (per curiam), *abrogated on other grounds by*, *Santiago-Lugo v. Warden*, 785 F.3d 467, 474–75 (11th Cir. 2015).  These requirements for § 2241 petitions are "judge-made," *Santiago-Lugo*, 785 F.3d at 474, and do not originate from the PLRA.

opportunity to decide whether to proceed with this construed civil rights action under 28 U.S.C. § 1331 or voluntarily dismiss the § 2241 petition.

## IV.  CONCLUSION

Based on the foregoing, it is ORDERED that on or before **December 10, 2025**, Petitioner must file a notice informing the court whether he wishes to:

(1)    Proceed with this construed civil rights action under 28 U.S.C. § 1331, seeking to secure equitable relief for alleged violations of federal constitutional rights, as well as monetary damages pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971); or

(2)    Voluntarily dismiss this 28 U.S.C. § 2241 petition based upon the absence of subject matter jurisdiction.

Petitioner is cautioned that if he fails to file a timely response advising the court which option he chooses, the § 2241 petition will be dismissed without prejudice for lack of subject matter jurisdiction.  Such a dismissal will not in any way limit Petitioner's right to file a civil rights action as described in this Order.

DONE this 19th day of November, 2025.

                                        /s/ W. Keith Watkins
                                  UNITED STATES DISTRICT JUDGE