IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| OLUWATOYIN ABORISADE, Reg. No. 60560-509, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | CASE NO. 2:25-CV-841-WKW [WO] |
| MILTON WASHINGTON, | ) ) | |
| Defendant. | ) | |

## ORDER

Before the court is Plaintiff's motion for appointment of counsel. (Doc. # 7.) A plaintiff in a civil case has no constitutional right to counsel. *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993) (citing *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987) (per curiam)). Generally, appointment of counsel in a civil case is "a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992) (quoting *Poole*, 819 F.2d at 1028). Although Plaintiff has been granted leave to proceed *in forma pauperis* (Doc. # 11), and 28 U.S.C. § 1915(e)(1) says that "the court *may* request an attorney to represent any person unable to afford counsel" (emphasis added), the court has broad discretion in deciding whether appointment of counsel is appropriate. *Killian v. Holt*, 166 F.3d 1156, 1157 (11th Cir. 1999) (per curiam).

As grounds for his motion, Plaintiff argues that (1) his case "involves serious constitutional violations"; (2) he is a disabled inmate who experiences mental health challenges, affecting his "ability to litigate effectively"; (3) the circumstances of his incarceration (*e.g.*, limited access to research materials) limit his ability "to obtain documents or interview witnesses"; and (4) his case "may require discovery" and "tasks" that are beyond his ability given that he is "incarcerated and disabled." (Doc. # 7 at 1.) Upon review of the record, however, the issues raised in Plaintiff's complaint are not novel or unduly complex. Furthermore, Plaintiff has not presented any exceptional circumstances that would justify appointment of counsel at this time. Finally, while the court sympathizes with Plaintiff's physical and mental ailments, he has not demonstrated that these ailments affect his ability to effectively litigate. On the contrary, Plaintiff has demonstrated that he is able to articulate facts and grounds for relief without notable difficulty, as evidenced by his organized and coherent complaint.

Based on the foregoing, it is ORDERED that Plaintiff's motion for appointment of counsel (Doc. # 7) is DENIED at this time. The court will reconsider this issue at a later date if warranted by the circumstances of this case.

DONE this 8th day of December, 2025.

                                            /s/ W. Keith Watkins
                                   UNITED STATES DISTRICT JUDGE