IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| OLUWATOYIN ABORISADE, Reg. No. 60560-509, | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 2:25-CV-841-WKW [WO] |
| RAY COLEMAN, | ) | |
| Defendant. | ) | |

**ORDER**

This is a civil rights action under 28 U.S.C. § 1331, in which Plaintiff Oluwatoyin Aborisade, a federal inmate proceeding *pro se*, seeks to secure equitable relief for alleged violations of his federal constitutional rights, as well as monetary damages pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (*See* Docs. # 1, 6.) On July 30, 2026, Defendant filed a pleading styled as an "Answer." (Doc. # 30.) By Order dated August 3, 2026, Defendant's Answer was construed as a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, and Plaintiff was ordered to file a response to the construed motion to dismiss. (Doc. # 32 ("August 3 Order") at 1, 2.) The August 3 Order set a deadline of August 24, 2026, for Plaintiff to file a response and expressly cautioned Plaintiff that his failure to file a response would result in dismissal of this action. (*Id.* at 2, 3.) To date, Plaintiff has not complied

with the August 3 Order. Consequently, this action will be dismissed without prejudice.

A district court "may dismiss a case under its inherent authority, which it possesses as a means of managing its own docket so as to achieve the orderly and expeditious disposition of cases." *McNair v. Johnson*, 143 F.4th 1301, 1306–07 (11th Cir. 2025) (cleaned up), *cert. denied*, --- S. Ct. ----, 2026 WL 1203391 (May 4, 2026). The authority of courts to impose sanctions for failure to comply with court orders and failure to prosecute is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion").

A court's dismissal under its inherent authority "can be either with or without prejudice to refiling." *McNair*, 143 F.4th at 1306. Dismissal with prejudice as a sanction "is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)); *accord McNair*, 143 F.4th at 1306. "A dismissal *without* prejudice, by contrast, doesn't require a

finding of willfulness or bad faith because its consequences are less severe." *McNair*, 143 F.4th at 1306.

Because Plaintiff has failed to comply with the August 3 Order, despite its express directives and warnings, this action will be dismissed without prejudice. No lesser sanction would be effective.

Based on the foregoing, it is ORDERED that this action is DISMISSED without prejudice.

Final judgment will be entered separately.

DONE this 3rd day of September, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE